| | |
|---|---|
| 1 | Charles C. Weller (SBN: 207034) |
| | CHARLES C. WELLER, APC |
| 2 | 11412 Corley Court |
| | San Diego, California 92126 |
| 3 | Tel: 858.414.7465 |
| | Fax: 858.300.5137 |
| 4 | Legal@cweller.com |
| 5 | *Attorney for Defendant* |
| | BOSS SPORTS NUTRITION |

# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BOSS SPORTS NUTRITION, INC. a California corporation,<br><br>Plaintiff,<br><br>v.<br><br>BOSTIN LOYD, an individual, and DOES 1 through 10, inclusive,<br><br>Defendants.<br>_____ | ) Case No: **'17CV0057 BTM RBB**<br>)<br>) **COMPLAINT FOR:**<br>)<br>) 1. Common Law Trademark<br>)    Infringement<br>) 2. California Common Law<br>)    Unfair Competition<br>) 3. False Designation of Origin<br>) 4. Declaratory Judgment<br>) 5. Accounting<br>) 6. Constructive Trust<br>)<br>) **DEMAND FOR JURY TRIAL**<br>  **[F.R.Civ.P. 38]** |

Plaintiff complains of Defendant as follows:

## PARTIES

1. Plaintiff, Boss Sports Nutrition, Inc. ("Plaintiff" or "BOSS") is a California corporation with its principal place of business in the State of California.

2. Defendant, Bostin Loyd ("Defendant" or "LOYD") is an individual who resides in the State of Florida.

## JURISDICTION AND VENUE

3. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1338 because it is a civil action arising under the laws of the United States, namely, 15 U.S. C. § 1125 and 28 U.S.C. § 1332 because the parties are citizens of different states.

4. The amount in controversy exceeds the minimal jurisdictional requirements.

5. This Court has personal jurisdiction over the Defendant since Defendant has sufficient contact with this State, and maintenance of the suit in this Judicial District does not offend traditional notions of fair play and substantial justice. Venue is proper in this District pursuant to 28 U.S.C. § 1391. A substantial part of Plaintiff's claims arise in this Judicial District.

## FACTS

6. Boss Sports Nutrition has been selling high-quality sports nutrition dietary supplements since 2012. These supplements include products such as "FREAK JUICE" and "KRACK" which have both been sold in public commerce in the United States since at least as early as 2014.

7. Both "FREAK JUICE" and "KRACK" are used to identify dietary and nutritional supplements and are protectable trademarks ("the Trademarks"). Plaintiff has pending trademark applications with the United States Patent and Trademark Office (USPTO) for the same. (Serial numbers 87/248,121 and 87/248,275, respectively.)

8. Plaintiff's use of "FREAK JUICE" and "KRACK" has been sufficient to vest trademark rights in Plaintiff for these marks as used to identify dietary supplements.

9. Plaintiff's trademark rights for the Trademarks are enforceable at common law and pursuant to 15 U.S.C. § 1125.

10. Defendant Bostin Loyd provided services to Plaintiff Boss Sports Nutrition from the period of time of September 2014 through approximately June 2016.

11. Upon Defendant's cessation of services with Plaintiff, Defendant took it among himself to market and sell dietary supplements using the Plaintiff's intellectual property. Specifically, Defendant created copycat dietary supplement products and called them "FREAK JUICE" and "KRACK" despite the fact that these trademarks were owned by BOSS.

12. On information and belief, Defendant did not use the terms "FREAK JUICE" or "KRACK" in connection with dietary supplements prior to 2016.

13. Defendant is infringing Plaintiff's intellectual property rights in the Trademarks.

14. Defendant's actions in manufacturing, marketing, and distributing, without a license, dietary supplements with the names "FREAK JUICE" and "KRACK" constitute trademark infringement and unfair competition. Accordingly, Plaintiff brings this action to obtain damages and other redress for Defendant's wrongful acts.

## CLAIM I

## COMMON LAW TRADEMARK INFRINGEMENT

15. Plaintiff re-alleges and incorporates by reference each allegation set forth in Paragraphs 1 through 14, above.

16. Plaintiff has acquired common law trademark rights in the Trademarks in connection with, among other things, the manufacture, promotion, sale and distribution of dietary supplements.

17. The actions of Defendant as alleged herein are likely to create confusion, mistake and deception of consumers into believing that Defendant's infringing and unauthorized use of the Trademark is authorized, licensed, or

sponsored by, or otherwise associated with Plaintiff's common law trademark rights in the Trademarks.

18. Plaintiff is informed and believes, and thereon alleges, that in doing the acts herein alleged, Defendant acted maliciously, fraudulently, oppressively, and in bad faith, with an intent to injure Plaintiff.

19. The foregoing actions of the Defendant constitute infringement of Plaintiff's trademarks in violation of federal common law and the common law of the State of California.

20. Plaintiff is informed and believes, and thereon alleges, that as a proximate result of Defendant's wrongful conduct as herein alleged, Plaintiff has sustained substantial damage in an amount to be proven at trial.

21. Plaintiff is informed and believes, and thereon alleges, that Defendant has engaged in the malicious, fraudulent and oppressive conduct herein alleged with a willful and conscious disregard for the rights of Plaintiff. As a result of such malicious, fraudulent, or oppressive conduct on the part of Defendant, Plaintiff is entitled to recover punitive or exemplary damages from them pursuant to Section 3294 of the California Civil Code in an amount to be proven at trial.

## CLAIM II
## CALIFORNIA COMMON LAW UNFAIR COMPETITION

22. Plaintiff re-alleges and incorporates by reference each allegation set forth in Paragraphs 1 through 22, above.

23. Defendant's conduct herein alleged constitutes unfair competition in violation of the common law of the State of California.

24. Plaintiff is informed and believes, and thereon alleges, that as a proximate result of Defendant's wrongful conduct as herein alleged, Defendant has or will make substantial profits and Plaintiff has or will sustain substantial damage, each in amounts to be proven at trial.

25. Plaintiff has no adequate remedy at law and, unless Defendant is enjoined from unlawfully using the Mark, Plaintiff will continue to suffer irreparable harm as a result of Defendant's conduct as herein alleged.

26. Plaintiff is informed and believes, and thereon alleges, that in doing the acts herein alleged, Defendant acted maliciously, fraudulently, oppressively, and in bad faith, with an intent to injure Plaintiff. Plaintiff is informed and believes, and thereon alleges, that Defendant has engaged in the malicious, fraudulent and oppressive conduct herein alleged with a willful and conscious disregard for the rights of Plaintiff. As a result of such malicious, fraudulent, or oppressive conduct on the part of Defendant, Plaintiff is entitled to recover punitive or exemplary damages pursuant to Section 3294 of the California Civil Code in an amount to be proven at trial.

## **CLAIM III**
## **FALSE DESIGNATION OF ORIGIN**
## **[15 U.S.C. § 1125(a)]**

27. Plaintiff re-alleges and incorporates by reference each allegation set forth in Paragraphs 1 through 26, above.

28. Defendant's use of the Trademarks is likely to cause confusion, cause mistake, or deceive as to the origin, sponsorship, or approval of Defendant's product by Plaintiff, in violation of 15 U.S.C. § 1125(a)(1)(A).

29. Plaintiff is informed and believes, and on that basis alleges, that, as a proximate result of Defendant's wrongful conduct as herein alleged, Defendant has and will make substantial profits and Plaintiff has and will sustain substantial damage, each in amounts to be proven at trial.

30. Defendant's unauthorized and infringing use of the Trademarks has been and is likely to cause confusion and mistake in the minds of the relevant public and to deceive them as to the origin, authorization, or sponsorship of

Defendant's goods, and to cause consumers to erroneously believe that Plaintiff has produced, participated in, approved and/or endorsed Defendant's goods and/or the use of the Trademarks in or on the goods.

31. Defendant's unlawful use of the Trademarks will irreparably harm Plaintiff, in that Defendant is offering inferior quality goods under a mark which is identical or confusingly similar to Plaintiff's Trademarks, thus leaving customers and consumers to believe, erroneously, that Defendant's inferior goods are in fact manufactured, sold, sponsored or endorsed by Plaintiff.

## CLAIM IV
## DECLARATORY JUDGMENT

32. Plaintiff re-alleges and incorporates by reference each allegation set forth in Paragraphs 1 through 32, above.

33. An actual and bona fide controversy exists between Plaintiff and Defendant concerning whether Defendant's use of the Trademarks in connection with dietary supplements is lawful in light of Plaintiff's prior use of the Trademarks.

34. Plaintiff seeks declaratory judgment that Defendant's use of the Trademarks is unlawful and the other relief requested herein pursuant to Plaintiff's common law rights and 15 U.S.C. § 1125.

## CLAIM V
## ACCOUNTING

35. Plaintiff re-alleges and incorporates by reference each allegation set forth in Paragraphs 1 through 32, above.

36. An accounting is required to determine the amount of profits derived by Defendants from their unlawful conduct.

## CLAIM VI
## CONSTRUCTIVE TRUST

37. Plaintiff re-alleges and incorporates by reference each allegation set forth in Paragraphs 1 through 32, above.

38. Plaintiff has no adequate remedy at law and has sustained irreparable harm as a result of Defendants' unlawful conduct as herein alleged. Defendants hold all ill-gotten gains from such unlawful conduct, in an amount to be proven at trial, in constructive trust for the benefit of Plaintiff.

## **DEMAND FOR JURY TRIAL**

39. Plaintiff hereby demands a trial by jury on the claims asserted herein.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff Boss Sports Nutrition requests judgment against Defendant Bostin Loyd for the following:

### **On Claim I (Common Law Trademark Infringement):**

1. For compensatory damages in an amount to be proven at trial;
2. For punitive or exemplary damages in an amount to be proven at trial; and
3. For a preliminary and permanent injunction prohibiting Defendant from using the Trademark in any manner in connection with his promotion and/or sale of his goods and/or services.

### **On Claim II (California Common Law Unfair Competition):**

1. For compensatory damages in an amount to be proven at trial;
2. For punitive or exemplary damages in an amount to be proven at trial; and
3. For a preliminary and permanent injunction prohibiting Defendant from using the Trademarks in any manner in connection with their promotion and/or sale of his goods and/or services.

### **On Claim III (False Designation of Origin):**

1. That Defendant be required to account for and pay over to Plaintiff all profits derived by Defendant from his unlawful conduct in an amount to be proven at trial;

2. For an award of three times Plaintiff's actual damages in an amount to be proven at trial; and

3. For a preliminary and permanent injunction prohibiting Defendant from using the Trademarks in any manner in connection with their promotion and/or sale of his goods and/or services.

**On Claim IV (Declaratory Judgment):**

1. A judgment that Defendant's use of the Trademarks is unlawful.

**On Claim V (Accounting):**

1. That Defendant be required to account for all profits derived by his unlawful conduct.

**On Claim VI (Constructive Trust):**

1. That Defendant is holding, as constructive trustee for the benefit of Plaintiff, all profits derived by Defendant from his unlawful conduct in an amount to be proven at trial.

**On All Claims:**

1. For prejudgment interest in the maximum amount provided by law;

2. For costs of suit, including reasonable attorneys' fees where permitted by statute; and

3. For such other or further relief as the Court deems just and proper.

Respectfully submitted,

Dated: January 11, 2017      **CHARLES C. WELLER, A.P.C.**

By: /s/ Charles C. Weller
    Charles C. Weller
    Attorneys for Defendant
    BOSS SPORTS NUTRITION